## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR CUNHA<br>    Plaintiff,<br>    v.<br>WINNCOMPANIES<br>    Defendant. | No. 3:13-cv-01789 (MPS) |

## MEMORANDUM OF DECISION

Plaintiff Victor Cunha ("Plaintiff") brings this action for damages and equitable relief against Defendant WinnCompanies ("Defendant") under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*  In his January 30, 2014 Amended Complaint, Plaintiff claims that Defendant notified him of his eligibility for FMLA leave 14 days after learning of such eligibility, and thus was nine days late in providing such notice under the five-day notice provision of 29 C.F.R. § 825.300(b)(1).  Defendant moves to dismiss Plaintiff's Amended Complaint under Rule 12(b)(6), arguing that Plaintiff has failed to plead facts suggesting that he was prejudiced by the late notice – a required element of FMLA notice claims. Because the Court agrees that the Amended Complaint sets forth no facts showing how Plaintiff was prejudiced by the late notice, and because the Amended Complaint does not plead facts suggesting a plausible claim under any other theory, Defendant's Motion to Dismiss (doc. #21) is GRANTED.

### Background

### I.        Amended Complaint

The Amended Complaint, which identifies only a single cause of action, an alleged violation of the FMLA, pleads the following facts.  Plaintiff worked for Defendant as a property

supervisor beginning in November 2004.  (Am. Compl. at ¶ 5.)  On June 25, 2013, a senior

manager confronted Plaintiff and "verbally attacked" him for having informed other employees

that one of Defendant's assets was being sold.  (*Id.* at ¶ 11.)  The next day, the same senior

manager addressed several employees, including Plaintiff, concerning what Plaintiff had said

about the asset.  (*Id.* at ¶ 12.)  The senior manager addressed the employees "in such a manner

that it led to [Plaintiff] being unconscious and hospitalized."  (*Id.*)  When Plaintiff returned to

work on June 28, 2013, he was escorted from the premises without explanation.  (*Id.* at ¶ 13.)

He attempted to contact Defendant several times to inquire about his job and leave status, but

Defendant did not respond.  (*Id.* at ¶ 15.)

Plaintiff alleges that by July 1, 2013, Defendant knew that he may have needed to take

leave due to a serious health condition, but that it did not notify him of his eligibility to take

leave under the FMLA until July 15, 2013.  (*Id.* at ¶¶ 14, 16.)  Plaintiff claims that by failing to

timely notify him of his rights, Defendant "created a work environment that promoted dishonesty

and untrustworthiness between [itself and Plaintiff] which made it unconscionable for [Plaintiff]

to return to work," (*id.* at ¶ 17) and that, as a result, he "has incurred, and is now incurring, a loss

of wages, compensation, benefits and employment with [Defendant]" (*id.* at ¶ 26).

Plaintiff seeks injunctive relief against Defendant to "purge Plaintiff's employment

records of all derogatory information and to preclude the dissemination of all derogatory

information," reinstatement, damages for lost wages, benefits, and compensation, compensatory

damages for emotional distress and other losses, punitive damages, costs, and fees.  (*Id.* at 5.)

## II.      Procedural History

Plaintiff's original Complaint included FMLA, wrongful termination, and intentional

infliction of emotional distress claims.  Defendant moved to dismiss the Complaint under Rule

12(b)(6), which the Court denied without prejudice after Plaintiff filed his Amended Complaint,

which dropped all but the FMLA claim.  Defendant again moved to dismiss under Rule 12(b)(6).

### Discussion

The standard for a motion to dismiss for failure to state a claim upon which relief can be

granted is well settled.  Under Rule 12(b)(6), the Court must determine whether the complaint

states "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v.

Twombly*, 550 U.S. 554, 570 (2007).  A plaintiff must plead factual content that allows the court

to draw a reasonable inference that the defendant is responsible for the misconduct the plaintiff

alleges.  *Lopez v. Burriss Logistics Co.,* 952 F. Supp. 2d 396, 403 (D. Conn. 2013).  The court

accepts the complaint's factual allegations as true, but disregards legal conclusions and any

factual allegations that are conclusory.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff

must "plausibly suggest," not merely allege, that he is entitled to relief.  *See id.* at 679-80.

The FMLA entitles a qualified employee to a total of 12 workweeks of unpaid leave per

year for personal matters such as a serious health condition that prevents the employee from

performing the functions of his position.  29 U.S.C. §§ 2611(2)(A), 2612(a)(1)(D), (c).  The

purpose of the FMLA is, in part, to "entitle employees to take reasonable leave for medical

reasons . . . in a manner that accommodates the legitimate interests of employers."  29 U.S.C. §§

2601(b)(1)-(3).  When an employer learns that an employee may be eligible for FMLA leave, it

is required to notify the employee of this eligibility within five business days, absent extenuating

circumstances.  29 C.F.R. § 825.300(b)(1).

An employee may recover compensatory or other monetary damages or equitable relief

against his employer for "interfering with, restraining, or denying the exercise of (or attempts to

exercise) any rights provided by the Act," which includes any violation of the Act.  29 C.F.R. §§ 825.220(a)(1), (b); 29 U.S.C. §§ 2617(a)(1)(A), (a)(2).

Even if an employer violates the FMLA, however, an employee cannot recover unless he has been prejudiced by the violation.  *Ragsdale v. Wolverine World Wide, Inc.,* 535 U.S. 81, 90 (2002) (invalidating Department of Labor regulation "because it alters the FMLA's cause of action in a fundamental way: It relieves employees of the burden of proving any real impairment of their rights and resulting prejudice.").  An employer's failure to give notice of an employee's FMLA rights may constitute prejudice where such failure results in denial, restraint, or interference with the employee's FMLA rights.  *Id.*  For example, in *Conoshenti v. Public Service Electric & Gas Company*, 364 F.3d 135, 143 (3d Cir. 2004), the court held that an employee may be able to demonstrate such interference with FMLA rights upon a showing that, had he received notice of his FMLA rights, he would have structured his leave "in such a way as to preserve the job protection afforded by the Act."  *See also Ridgeway v. Royal Bank of Scot. Group,* No. 3:11-CV-976, 2013 U.S. Dist. LEXIS 67822, at *48 (D. Conn. May 13, 2013) (denying employer's summary judgment motion where employee raised issues of fact about whether he could have scheduled a surgery differently had employer correctly informed him of his FMLA rights).

Courts have held consistently that failure to notify an employee adequately of his FMLA rights constitutes interference with those rights only if the employee is able to establish that he was prejudiced by that failure.  *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 161-62 (2d Cir. 1999) (no fact finder could conclude that employer's failure to inform employee of entitlement to 12 weeks of FMLA leave was prejudicial because the leave was necessitated by a serious health condition that would have prevented employee from returning to work regardless

4

of his knowledge of those rights); *Roberts v. The Health Association,* No. 04-CV-6637T, 2007 U.S. Dist. LEXIS 58262, at *14-15 (W.D.N.Y. Aug. 8, 2007) (employee could not establish prejudice from employer's failure to send her an FMLA notification form because, even if she had received notice, she would not have been able to structure her leave any differently).  A plaintiff must also establish prejudice when there has been a delay in notification of FMLA rights.  *See Smith v. Westchester Cnty*., 769 F. Supp. 2d 448, 468 (S.D.N.Y. 2011) ("technical violations," such as employer's four-and-a-half-month delay in responding to employee's request for FMLA leave, without a showing of resulting harm, did not state a claim for FMLA interference).

This matter involves an alleged nine-day delay in notifying Plaintiff of his FMLA rights. Plaintiff has not alleged any facts to create an inference that he has been prejudiced as a result of Defendant's delay in advising him of his FMLA rights.  Although Plaintiff alleges in conclusory fashion that Defendant "made it unconscionable" for him to resume working and that he has incurred a loss of wages, benefits, and employment with Defendant, he does not allege any injury related to the alleged failure to provide him with timely notice of his FMLA rights.

While Plaintiff also alleges that he suffered a prior workplace injury in January 2013 (Am. Compl. at ¶ 7), the Amended Complaint fails to allege any facts connecting this alleged injury to Plaintiff's FMLA claim.  The Amended Complaint also contains statements suggesting that Plaintiff may have intended to plead other claims in addition to the FMLA claim, such as wrongful termination (Am. Compl. at ¶ 1) and constructive termination based on hostile work environment (*see id*. at ¶ 17), although it appears equally likely that these stray references are simply the remnants of the abandoned claims set forth in the original complaint.  Even if Plaintiff still intends to plead wrongful termination or constructive discharge based on hostile work

environment, however, there are no factual allegations that would support either claim. With respect to wrongful termination, Plaintiff has not alleged that he was terminated in violation of any law or public policy. *See Parsons v. United Techs. Corp.,* 700 A.2d 655, 661-62 (Conn. 1997). With respect to constructive discharge based on hostile work environment, Plaintiff has not alleged that he is a member of a protected class, that Defendant discriminated against him, or that he was forced to quit. *See Flaherty v. Metromail Corp*., 235 F.3d 133, 138 (2d Cir. 2000); *Chertkova v. Conn. Gen. Life ins. Co.,* 92 F.3d 81, 89 (2d Cir. 1996).

## <u>Conclusion</u>

For the foregoing reasons, Defendant's Motion to Dismiss the Amended Complaint is GRANTED**.**

IT IS SO ORDERED.

_____/s/_____

Michael P. Shea, U.S.D.J.

Dated:      Hartford, Connecticut
            June 24, 2014

6